IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 4:14-cr-00141-GHD-SAA-2

PERRY WAYNE MASK

**MEMORANDUM OPINION DENYING
DEFENDANT PERRY WAYNE MASK'S MOTION TO SEVER**

Presently before the Court is a motion to sever [482] filed by Defendant Perry Wayne Mask. The Government has filed a response [487]. The matter is ripe for review, and upon due consideration, the Court finds that Defendant Mask's request for severance should be denied.

Defendant Mask argues that the Court should sever his case pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure because he "is not charged or in any way implicated in the murder of [Michael James] Hudson" and "the evidence is scant, at best, that the murder was in anyway [sic] related to the alleged Aryan Brotherhood activity that purportedly serves as the connection for all defendants named in the Superseding Indictment." Defendant Mask maintains that he "will suffer extreme prejudice if evidence related to the alleged murder is introduced, or if the murder charges are mentioned or even referenced in [his] trial." Defendant Mask further maintains that "the murder charge is likely to take up to a week alone to try" and "[t]herefore, the Government will be paying for the undersigned counsel [who is CJA-appointed] to sit through a week of trial testimony that is not related to [Defendant] Mask." He acknowledges that joinder of the defendants in this case is warranted, but argues that severance is nonetheless proper because "not all charges are identical as to the remaining defendants" and "the murder charges against [Defendant] Mask's codefendants have no evident relation to the alleged Aryan

1

Brotherhood activity." Thus, Defendant Mask requests severance as a defendant pursuant to Rule 14(a) and a separate trial "on his own charges."

The Government argues in response that the joinder of the Defendants in this case was proper pursuant to Rule 8 of the Federal Rules of Criminal Procedure because the Defendants "are alleged to have participated in the same act or transactions constituting an offense or offenses," namely a RICO enterprise dating back to 2009 and involving a wide-ranging list of criminal activities. The Government maintains that in the context of RICO the requirements of Rule 8(b) are satisfied simply by establishing the existence of an enterprise and by showing that each Defendant participated in the same enterprise through the commission of the charged racketeering acts. *See United States v. Welch*, 656 F.2d 1039, 1052 (5th Cir. 1981). The Government further argues that severance is only appropriate if it appears to the Court in its discretion that a Defendant or the Government is prejudiced by a joinder of Defendants. *See* Fed. R. Crim P. 14. The Government maintains that Defendant Mask "is charged with not only being an active member in the [Aryan Brotherhood], but also with participating in its affairs through drug trafficking, gun trafficking, money laundering[,] and attempted murder." The Government argues that Defendant Mask is charged with "committing overt acts in furtherance of a racketeering conspiracy to include, but not limited to: conspiring to distribute methamphetamine, money laundering, VICAR attempted murder of J.B., and offense involving the theft of firearms. Additionally, the [G]overnment will offer substantial evidence that the murder of Michael Hudson was part of the [Aryan Brotherhood's] criminal activities and[,] of note, that [Defendant] Mask had direct knowledge of the murder from his codefendant and fellow [Aryan Brotherhood] wheel member, [Defendant] Frank [George Owens Jr.], who confessed his role in the murder to [Defendant] Mask." The Government further argues that in

conspiracy trials there are portions of the Government's case that may be at issue for a particular Defendant, but not for others, and that this alone does not warrant severance. The Government contends that implementation of appropriate jury instructions at trial would reduce any risk of prejudice. Finally, the Government argues that severance would unduly prejudice the Government because "[t]he presentation of evidence in this case will be lengthy and will result in the expenditure of significant resources"; "much of the evidence presented will be common to all of the [D]efendants"; and the "risk presented to government witnesses in this case presents a compelling reason not to have multiple trials in this case requiring their testimony." Consequently, the Government maintains that Defendant Mask has failed to meet the heavy burden required to demonstrate prejudice in this matter and his severance request should be denied.

The Court finds the Government's arguments to be well taken and further finds as follows. The Fifth Circuit has stated: "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993) (internal quotation marks omitted)); *accord United States v. Lane*, 474 U.S. 438, 449, 106 S. Ct. 725, 732, 88 L. Ed. 2d 814 (1986) (quoting *Bruton v. United States*, 391 U.S. 123, 134, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968) ("joint trials 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial'")). "A charge of conspiracy initially legitimizes joinder of all defendants." *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir.

1989), *cert. denied*, 493 U.S. 1087, 110 S. Ct. 1152, 107 L. Ed. 2d 1056 (1990). Defendant Mask acknowledges that he has been properly joined as a Defendant.

" 'If defendants have been properly joined, the district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable determination of guilt or innocence.' " *United States v. Nelson*, 242 F. App'x 164, 174 (5th Cir. 2007) (per curiam) (quoting *United States v. Bermea*, 30 F.3d 1539, 1572 (5th Cir. 1994)). "It is the rule, . . . , not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.' " *McRae*, 702 F.3d at 821 (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *accord United States v. Fields*, 72 F.3d 1200, 1215 (5th Cir. 1996). "[W]here the indictment alleges a single conspiracy and the evidence established each defendant's participation in at least one conspiracy[,] a defendant's substantial rights are affected only if the defendant can establish reversible error under general principles of joinder and severance." *United States v. Mitchell*, 484 F.3d 762, 770–71 (5th Cir. 2007). This is a difficult burden to meet. *See Fields*, 72 F.3d at 1215 ("[N]either a disparity in the amount of evidence against each defendant nor a supposition that the evidence against other defendants 'spilled over' and prejudiced the defendant constitute compelling prejudice."); *United States v. Zapata*, 84 F.3d 431, 1996 WL 248808, at *6 (5th Cir. Apr. 4, 1996) (per curiam) ("[I]if the defendant is a member of the alleged conspiracy, the statements and acts of other members of the conspiracy, done in furtherance of it, may be considered against the defendant.").

Although "the Federal Rules of Criminal Procedure recognize that circumstances may be presented where the prejudice to a defendant from joinder with a co-defendant(s) in a joint trial overrules the interest in judicial economy," *McRae*, 702 F.3d at 821–22, those circumstances are

not present in the case *sub judice*. Defendant Mask is charged with many of the same offenses as the other Defendants; he is specifically charged in Counts 1, 2, 7, 8, and 9 of the Superseding Indictment with conspiracy to participate in racketeering activity, conspiracy to possess with intent to distribute methamphetamine, the attempted murder of J.B., firearm theft from a licensed firearms dealer, and theft of firearms stolen from a licensed firearms dealer. The superseding indictment also charges that Defendant Mask held a leadership rank of "Wheel" of the ABM enterprise and directed other members and associates of the enterprise in carrying out unlawful activities and other acts in furtherance of the conduct of the enterprise's affairs. The Superseding Indictment further charges that Defendant Mask participated directly in the criminal activities of the Aryan Brotherhood enterprise which included "murder, attempted murder, kidnapping, assault, money laundering, drug distribution, and firearms trafficking."

Sufficient cautionary jury instructions and other appropriate precautionary measures may be utilized at trial. Such instructions and precautionary measures will neutralize any potentially prejudicial effect against any and all Defendants in this case. *See United States v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985) ("If cautionary instructions are deemed sufficient, severance is not required."); *see also United States v. Harris*, 932 F.2d 1529, 1535 (5th Cir. 1991) (instruction to jury to consider evidence of guilt separately as to each defendant "neutralize[d] any prejudicial effect against a co-defendant"). Accordingly, "the jury [will be able to] sort out the evidence reasonably and view . . . the evidence relating to [each] defendant separately." *Merida*, 765 F.2d at 1219.

Severance is not warranted.

For all of the foregoing reasons, Defendant Perry Wayne Mask's motion to sever [482] is DENIED.

THIS, the 11th day of March, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE